IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Mediterranea di Navigazone SpA , <br><br> Plaintiff, <br><br> v. <br><br> SGR Energy, Inc., <br><br> and <br><br> SGR Energy LLC, <br><br> Defendants, <br><br> and <br><br> FCStone Merchant Services, LLC <br><br> GoDaddy.com, LLC <br><br> Garnishees. | § § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION _____ <br><br> IN ADMIRALTY, Rule 9(h) |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Mediterranea di Navigazone SpA brings this action against SGR Energy LLC and SGR Energy, Inc. (collectively "SGR") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishees and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).  Mediterranea di Navigazone SpA further brings this action for security for a prospective judgment against SGR in the High Court of Justice, Business and Property Courts of England and Wales Commercial

28570720.1

Court (QBD), in an action brought in that court by Mediterranea di Navigazone SpA against SGR.

2. Venue is proper in this District because the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because SGR's property is or soon will be in this District.

4. SGR cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

5. Mediterranea di Navigazone SpA is a corporation organized under the laws of Italy and at all times relevant to this action the owner of the M/V SVEVA (herein, the "Vessel"). Mediterranea di Navigazone SpA chartered the Vessel to SGR pursuant to a charter party agreement dated 25 June 2014 (the "Charterparty").

6. SGR is a corporation organized under the laws of Texas and chartered the Vessel from Mediterranea di Navigazone SpA. SGR Energy LLC has subsequently been converted into SGR Energy Inc.; for avoidance of doubt each entity is made defendant. SGR, as detailed herein, wrongfully has breached the Charterparty and failed or refused to pay Mediterranea di Navigazone SpA as the Charterparty and related documents require.

7. Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, Mediterranea di Navigazone SpA reasonably believes hold accounts which are the property of and/or owing to SGR.

### Facts

8. Claims arose out of the Charterparty and in respect of unpaid bunkers which were settled between the Mediterranea di Navigazone SpA and SGR pursuant to two settlement

agreements, (i) dated November 2014 (the "November 2014 Agreement") and (ii) dated 22 July 2015 (the "July 2015 Agreement" both agreements together, the "Settlement Agreements").

9. Pursuant to the November 2014 Agreement, SGR was obliged to pay the Mediterranea di Navigazone SpA the total sum of $750,000 no later than within 31 December 2015.

10. Pursuant to the July 2015 Agreement, SGR was further obliged to pay Mediterranea di Navigazone SpA the following sums:

    a. The sum of $307,864.55 within 53 days of receiving notice from Mediterranea di Navigazone SpA that they had paid these sums and/or were liable to pay these sums to a third party; and,

    b. The sums of $15,793.19 and $70,000 within 60 days of the date of the July 2015 Agreement.

11. The sums set out above are due and owing under the Settlement Agreements and total the sum of $1,143,657.74 (the "Settlement Sums").  To date SGR has only paid a total of $108,724.00 in part payment of the sums due under the November 2014 Agreement. This leaves a balance due to Owners of $1,034,933.74 (the "Outstanding Sum").  Mediterranea di Navigazone SpA is further entitled to recover interest on the amounts due under the July 2015 Agreement, at a rate of 5% per annum, compounded at three-month intervals, to the date of payment.

12. English law, which provides for SGR's payment of Mediterranea di Navigazone SpA's attorneys' fees and costs, governs the Charterparty and Settlement Agreements.  In breach of the Charterparty and Settlement Agreements, SGR has failed to pay the Outstanding Sum due to the Mediterranea di Navigazone SpA.

### Count I – Breach of Maritime Contract

13. Mediterranea di Navigazone SpA incorporates the above paragraphs as if fully set forth herein.

14. SGR breached its maritime contract with Mediterranea di Navigazone SpA as set out above. Despite repeated demand, Mediterranea di Navigazone SpA remains unpaid.

15. Mediterranea di Navigazone SpA therefore demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B)

16. Mediterranea di Navigazone SpA incorporates the above paragraphs as if specifically set forth herein.

17. Mediterranea di Navigazone SpA seeks issue of process of maritime attachment so that it may obtain payment for the amounts due to it under the Charterparty and Settlement Agreements.

18. No security for Mediterranea di Navigazone SpA's claims has been posted by SGR or anyone acting on its behalf to date.

19. SGR cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to those named Garnishees herein.

### Prayer for Relief

WHEREFORE, Mediterranea di Navigazone SpA prays:

A. That in response to Count I, process of maritime attachment be issued to garnish and attach property of SGR in at least the following amounts:

| | |
|---|---|
| Principal Balance Due | $ 1,034,933.74 |
| Interest Compounded Quarterly, 5%, 2015-2021 | $ 530,395.17 |
| Contractual Interest Compounded Quarterly, 5%, 2021-2024 | $ 456,940.00 |

|   |   |   |
|---|---|---|
| Attorneys' Fees and Costs | $ | 75,000.00 |
| **Total:** | **$** | **2,097,268.91** |

in security of Mediterranea di Navigazone SpA's claims;

      B.      That in response to Count II, since SGR cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of SGR's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Mediterranea di Navigazone SpA's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

      C.      That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action; and

      D.      That this Court award Mediterranea di Navigazone SpA such other and further relief that this Court deems just and proper.

      YOUNG CONAWAY STARGATT & TAYLOR LLP

      */s/ Timothy Jay Houseal*
      Timothy Jay Houseal (Del. Bar ID No. 2880)
      Rodney Square
      1000 North King Street
      Wilmington, DE 19801
      (302) 571-6682
      thouseal@ycst.com

      *Attorneys to Mediterranea di Navigazone SpA Shipholding, Inc.*

**OF COUNSEL**
J. Stephen Simms
Simms Showers LLP
201 International Circle, Ste. 230
Baltimore, Maryland 21030

Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com

Dated: September 8, 2021

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers of SGRs in this District. There is no record of any general or resident agent authorized to accept service of process for SGR in this District.

> Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on September 8, 2021.
>
> */s/ J. Stephen Simms*
> J. Stephen Simms

28570720.1