IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Mediterranea di Navigazone Spa,**<br><br>Plaintiff,<br><br>v.<br><br>**SGR Energy Inc. and SGR Energy LLC,**<br><br>**Defendants,**<br><br>and<br><br>**FCStone Merchant Services, LLC and GoDaddy.com, LLC,**<br><br>**Garnishees.** | CIVIL ACTION NO. <u>**1:21-cv-01276-(LPS)**</u><br>**IN ADMIRALTY, Rule 9(h)** |

**ANSWER OF GARNISHEE, STONEX COMMODITY SOLUTIONS LLC
f/k/a FCSTONE MERCHANT SERVICES LLC, TO WRIT OF GARNISHMENT,
ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT AND
REQUEST FOR EXPEDITED HEARING**

NOW COMES Garnishee, StoneX Commodity Solutions LLC f/k/a FCStone Merchant Services LLC ("StoneX"), and files its Answer to the Writ of Garnishment After Judgment issued by Mediterranea di Navigazone Spa ("Plaintiff" or "Mediterranea") in the above-captioned action (the "Writ"), and Answer and Affirmative Defenses to the Verified Complaint:

**I.     StoneX's Answer to Writ of Garnishment[1]**

1.     StoneX does not have custody, control, or possession of any property and/or liquid assets belonging to SGR Energy Inc. ("SGR"), including but not limited to cash, funds, freight, hire and/or credits.

2.     SGR owes debts to StoneX in an amount to be determined by a jury in *FCStone*

---

[1] Pursuant to 28 U.S.C. § 3205(4).

*Merchant Services, LLC v. SGR Energy, Inc., ST Shipping & Transport PTE Ltd and Thomas San Miguel,* Civil Action No. 4:20-cv-03693, pending in the United States District Court for the Southern District of Texas Houston Division. StoneX does not owe any debts to SGR.

3. Because StoneX does not have custody, control, or possession of any property and/or assets belonging to SGR, StoneX cannot provide a description of any previous garnishments to which such property and/or assets are subject and the extent to which any remaining property and/or assets are not exempt.

4. StoneX does not reasonably anticipate owing any debt to SGR in the future.

5. StoneX denies this Court's subject matter jurisdiction and also denies that Plaintiff has stated a legally sufficient claim for relief. Plaintiff has not proven the presence of any property or assets of SGR are located within this District, but rather, states "SGR…is believed to have, or will have…property and/or assets in this jurisdiction…" Further, Plaintiff has not proven that StoneX was in the possession of such assets or property of SGR at the time process was served or thereafter.

6. StoneX denies that maritime jurisdiction exists, as Plaintiff's Writ is based upon a settlement agreement, rather than a maritime contract.

II. **StoneX's Answer to Verified Complaint**

**Jurisdiction and Venue[2]**

1. StoneX denies that this action is within this Court's admiralty jurisdiction. StoneX lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and on that basis, denies them.

2. StoneX admits that it can be found and/or served with process in this District.

---

[2] StoneX incorporates headings for the convenience of the Court. StoneX does not admit any allegation made in, or inferences suggested by such headings, and instead, denies them.

StoneX lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and on that basis, denies them.

3. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

4. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

### The Parties

5. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

6. StoneX admits SGR is a corporation organized under the laws of Texas. StoneX lacks sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph, and on that basis, denies them.

7. StoneX admits that it is an entity with offices and/or agents located in this District, but denies that StoneX "hold[s] accounts which are the property of and/or owing to SGR." StoneX lacks sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph, and on that basis, denies them.

### Facts

8. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

9. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

10. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and subparagraphs (a) and (b), and on that basis, denies them.

11. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

12. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.[3]

### Count I – Breach of Maritime Contract

13. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them. To the extent further response is required, StoneX incorporates the paragraphs and responses above, as if fully set forth herein.

14. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

15. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

### Count II – Maritime Attachment and Garnishment (Rule B)

16. StoneX lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them. To the extent further response is required, StoneX incorporates the paragraphs and responses above, as if fully set forth herein.

17. StoneX admits Mediterranea states that it seeks issue of process of maritime attachment to obtain payment for the amounts it alleges are due to it under the Charterparty and Settlement Agreement. StoneX lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and on that basis, denies them.

18. StoneX lacks sufficient knowledge or information to admit or deny the allegations

---

[3] To the extent Mediterranea suggests it has a right to claim attorney's fees and costs under the subject contract and the application of English law to the contract, StoneX denies such suggestion. The right to claim costs from the unsuccessful party in litigation in England arises exclusively under the procedural rules that apply to High Court proceedings, and not come from the law of the contract.

contained in this Paragraph, and on that basis, denies them.

19. StoneX denies the allegations contained in this Paragraph that are directed at StoneX. StoneX lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and on that basis, denies them.

### III.   STONEX'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Pursuant to Rule E(8) of the Supplemental Admiralty and Maritime Rules to the Federal Rules of Civil Procedure, StoneX's Answer shall not be construed as anything more than a restricted appearance and is expressly limited to the claims asserted in the Verified Complaint and Writ for Maritime Attachment and Garnishment.

### SECOND AFFIRMATIVE DEFENSE

The Verified Complaint and Writ fail to adequately plead that SGR cannot be found in this District.

### THIRD AFFIRMATIVE DEFENSE

StoneX denies this Court's subject matter jurisdiction and denies that Mediterranea has stated a legally sufficient claim for relief. More specifically, Mediterranea has failed to allege jurisdiction under Rule B of the Supplemental Admiralty and Maritime Rules to the Federal Rules of Civil Procedure because Mediterranea's claims against SGR are based upon enforcement of a settlement agreement, not a maritime contract. *Mulvaney v. Dalzell Towing Co.,* 90 F. Supp. 259, 260 (S.D.N.Y. 1950) ("An action for breach of contract to compromise and settle . . . is not within the admiralty jurisdiction."); *see also Westvaco Worldwide Corp. v. M/V Niger Basin,* No. 88-0621, 1989 WL 51714, *13 (E.D. Pa. May 10, 1989) ("Although the original action stems from a dispute within admiralty jurisdiction, the action at bar is one of breach of the subsequent settlement

agreement. The contract does not relate to any maritime activity or services. It is not a maritime contract.").

## FOURTH AFFIRMATIVE DEFENSE

StoneX denies the Verified Complaint in its entirety as it was verified by Mediterranea's attorney, not by any authorized representative of Mediterranea with personal knowledge of facts to support the filing of this action.

## FIFTH AFFIRMATIVE DEFENSE

StoneX denies that it possesses any property of SGR, including but not limited to assets, goods, chattels, credits and effects, cash, funds, escrow funds, wire transfers, electronic fund transfers, freights, and/or sub-freights. StoneX does not possess any charter hire, sub-charter hire of, belonging to, or due to or for the benefit of SGR. StoneX further states it does not owe any debt to SGR. *Cargo-Levant Schiffahrtsgesellschaft MbH v. PSL Ltd.*, No. 12-1363-RGA-CJB, 2014 WL 2452744, *6 (D. Del. May 30, 2014) ("It is a plaintiff's burden to establish a right to attachment . . . To meet this burden, a plaintiff must show: "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; . . . 3) **the defendant's property may be found within the district**; and 4) there is no statutory or maritime law bar to the attachment.") (emphasis added) (internal citations omitted); *see also Connecticut Bank of Commerce v. Republic of Congo,* 440 F. Supp. 2d 346, 353 (D. Del. 2006) ("a creditor's right to recover from the garnishee is derived from, and no greater than, the debtor's right to recover from the garnishee in an action at law.").

### SIXTH AFFIRMATIVE DEFENSE

StoneX denies any allegation that Plaintiff is entitled to any assets or property of SGR to which StoneX may obtain legal right or title, or that Plaintiff has a priority lien interest over the same.

### SEVENTH AFFIRMATIVE DEFENSE

StoneX has incurred legal fees and costs of its attorney in responding to Mediterranea's Writ of Maritime Garnishment and Verified Complaint, and therefore asks this Court to vacate Mediterranea's Writ of Maritime Garnishment and to award StoneX its attorney's fees and costs.

### EIGHTH AFFIRMATIVE DEFENSE

StoneX reserves the right to amend or assert additional affirmative defenses at any such time as warranted by discovery and the factual developments in this case.

### IV.   REQUEST FOR EXPEDITED HEARING

StoneX hereby requests an expedited hearing on the Writ and Verified Complaint whereby Plaintiff shall be required to show why the Writ should not be vacated and/or that the relief sought within the Writ and Verified Complaint is both proper and consistent with the Supplemental Rules for Admiralty and Maritime Claims. *See* FED. R. CIV. P. SUPP. R. E(4)(f).

WHEREFORE, PREMISES CONSIDERED, StoneX prays that:

a. The Court set this matter for an expedited hearing;

b. Plaintiff take nothing of and from StoneX by reason of the Writ or Verified Complaint;

c. That the Writ be vacated in its entirety;

d. StoneX be discharged and dismissed upon its answer herein;

    e.   That all costs of court and legal fees be taxed and assessed against the Plaintiff; and,

    f.   For all other relief, at law or in equity, to which StoneX is justly entitled.


Dated: <u>October 1, 2021</u>                      Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: <u>/s/ *Tracy A. Burleigh*</u>
      TRACY A. BURLEIGH, ESQUIRE
      (Delaware Bar I.D. No: 3609)
      1007 N. Orange Street, Suite 600
      Wilmington, Delaware 19801
      (302) 552-4304
      taburleigh@mdwcg.com

*Attorney For Garnishee, StoneX Commodity Solutions LLC f/k/a FCStone Merchant Services LLC*

LEGAL/141445960.v1